Argued April 29; reversed June 14; rehearing denied September 14, 1932

## DUTCHER ET AL. *v.* GRESHAM BERRY GROWERS, INCORPORATED

(12 P. (2d) 304)

*A. L. Veazie,* of Portland (Veazie & Veazie, of Portland, on the brief), for appellant.

*Johnston Wilson,* of Portland (Elton Watkins, of Portland, on the brief), for respondents.

KELLY, J.  On July 22, 1929, a written contract was executed by the parties admittedly containing the following terms, to wit:

"Exhibit 'A'.

"Gresham, Oregon
"July 22, 1929.

"Memorandum of agreement entered into this day by and between Frank and Lillian R. Dutcher of Gresham, Oregon, known in this agreement as parties

of the first part, and Gresham Berry Growers, Inc., a corporation of Gresham, Oregon, known in this agreement as parties of the second part.

"WITNESSETH: That in consideration of the party of the second part acquiring title to the sheep guano deposit on the McRae farm near Antelope, Oregon, from Mr. Boyd, the party of the first part agrees to forthwith proceed to deliver guano as rapidly as possibly from the McRae corral to the R. R. side track at Shaniko, Oregon, for which service the second party agrees to make an advance of $2.00 per ton or $8.00 per truck load of four tons, said guano deliveries to be checked and OKed by the agent of the O. W. R. N. Co. at Shaniko, Oregon, payments to be made weekly on said agent's O. K. of deliveries.

"Said first party further agrees to pile said guano in piles not to exceed 10 feet in width, sloped up to a peak at as great a height as possibly to prevent, as far as possible, wetting in case of excessive rain.

"First party further agrees from time to time to load said Guano in box cars upon the order of said second party, and shall receive in full payment the sum of $8.15 per ton F. O. B. Gresham, Oregon, less $2.50 per ton covering the delivery from the corral as fore said, and a corral tonnage charge of 50c per ton less the freight from Shaniko to Gresham, leaving a balance which is to be applied from time to time on any indebtedness that the part of the first party may owe the party of the second part, namely—$1.75 per ton, this leaving a balance of 60c per ton loading expense. In the event that said first party fails to load and deliver as desired by said party, then the $2.00 per ton advance made for hauling and delivering, shall be considered full payment for the hauling and piling.

"The party of the first part further agrees that he will devote all of his time and efforts to the handling of sheep guano for the party of the second party during the life of this contract, for the current guano year.

"The party of the second part agrees to use due diligence in soliciting the sale of guano and if possible will market thirty cars during the current guano

year and will make prompt remittance as outlined above. Within the event of said first party cannot supply as rapidly as needed, said second party reserves the right to employ other help, preferably through said first party at the same schedule of rates.''

Defendant claims and plaintiffs deny that the following clause was also in said contract, to wit:

''It is further agreed by said first parties that as soon as Mrs. Dutcher's legacy is received, that they will pay all of their indebtedness in full.''

Sometime prior to February 1, 1930, it was agreed that plaintiffs might devote such of their time, as was not required to deliver the rest of defendant's supply, to doing business on their own account.

After the execution of said written contract, it was orally agreed that plaintiffs should ship guano directly from the corrals and load same on railroad cars without piling; and that plaintiffs should have the privilege of furnishing and delivering guano of marketable quality from other sources than the McRae corrals for shipment to defendant.

It is charged in the amended complaint that on or about the 5th day of February, 1930, defendant breached said contract by refusing ''to accept any more of said guano,'' and by refusing ''to place orders for the same or attempt to place orders for the same.'' This is denied in the amended answer.

During the trial, it was stipulated that defendant exercised due diligence in soliciting sales of guano. The only breach of the contract upon which plaintiffs base their cause of action is the alleged refusal by defendant to accept further delivery.

■ The first assignment of error urges that the court erred in refusing to instruct the jury to return a verdict in favor of the defendant. In support of this

assignment, it is claimed that the record does not show such a distinct, unequivocal and absolute refusal by defendant to perform, treated and acted upon by plaintiffs, as to constitute a breach of the contract in suit justifying a recovery by plaintiffs.

We are of the opinion that the testimony is capable of the construction evidently given to it by the jury to the effect that such a breach of the contract had been committed by defendant.

It is also contended that defendant withdrew its repudiation and offered to proceed under the contract; and, that, by so doing, defendant effaced the effect of its renunciation.

The offer to continue under the contract seems to have been conditioned upon delivery by plaintiffs of sheep guano without an excessive amount of moisture therein. When it is borne in mind that, except in so far as the oral modification mentioned gave plaintiffs an option to deliver other guano, the guano to be delivered belonged to defendant, and that plaintiffs were chargeable only with ordinary care in handling and transporting same, this condition which attended defendant's offer of further employment to plaintiffs and plaintiffs' testimony, that in the meantime other arrangements concerning the hauling of guano had been made by them, presented a state of facts from which the court would not have been warranted in holding, as a matter of law, that the contract, if repudiated, had been restored.

For these reasons, no error was committed in refusing to instruct the jury to return a verdict for the defendant.

■ The second assignment predicates error upon the admission of evidence tending to show that the time

for the performance of the contract in suit was not limited to the current guano year.

It is urged by plaintiffs that as to the time of performance the contract is ambiguous; that it divides itself into two parts: first, plaintiffs' engagement to haul guano as rapidly as possible and pile same alongside the railroad track at Shaniko; and, second, plaintiffs' obligation to load the same on cars at Shaniko and ship on defendant's order; and that the clause, to the effect that plaintiffs are to devote all their ''time and efforts to the hauling of sheep guano for the party of the second part during the life of this contract for the current guano year'', should be construed to mean that plaintiffs' efforts were to be continuous for each guano year during the life of the contract, and that, in order to determine the actual term of the contract, resort was properly had to extrinsic testimony. It is also suggested by plaintiffs that, viewing it most favorably for defendants, it is debatable whether the contract limits the term of its performance to the current guano year; and, in view of the fact that defendant drafted the contract, evidence, as to what was actually intended, was admissible.

We are unable to agree with plaintiffs that the contract is ambiguous as to the time of its performance. The plaintiffs' duty thereunder was to handle guano by transporting, piling, loading and shipping same. The contract recites:

''The party of the first part (plaintiffs) further agrees that he will devote all of his time to the handling of sheep guano for the party of the second part during the life of this contract, for the current guano year.''

Besides paying for plaintiffs' services in thus handling the guano, defendant's duty was to use due

diligence in soliciting the sale of guano in order to furnish a basis for ordering plaintiffs to make shipment thereof. Upon that point, the contract recites:

"The party of the second part agrees to use due diligence in soliciting the sale of guano and if possible will market thirty cars during the current guano year."

Nowhere in the contract is there a stipulation to the effect that plaintiffs shall haul or otherwise handle or deal with the entire deposit of guano at the McRae corral; or that defendant shall procure a market therefor upon which delivery thereof should be made by plaintiffs upon defendant's orders.

We think that the term of the contract in suit was merely the current guano year, which admittedly ended on June 1, 1930.

The learned trial judge erred when he admitted extrinsic evidence tending to show that the term of the contract was three years, and also when he submitted the question of the length of the term to the jury.

Because of this error, the judgment of the lower court is reversed and the case remanded for further proceedings not inconsistent herewith.

Other errors are assigned, but they arise because of the view taken that the contract is ambiguous and subject to explanatory extrinsic testimony. We think no good purpose can be served by discussing them.

Reversed and remanded.

BEAN, C. J., CAMPBELL and ROSSMAN, JJ., concur.